# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
**JUDGE**

## LETTER OPINION

October 19, 2005

Jerome Audige
25039-050
Federal Correctional Institution
P.O. Box 1000
Otisville, New York  10963
*Pro se*

Michael A. Hammer, Esq.
Assistant U.S. Attorney
Office of the U.S. Attorney
970 Broad Street
Newark, New Jersey  07102
*Attorney for Respondent*

> Re:   Jerome Audige v. United States of America
>       Civil Action No. 05-1823 (WJM)

Dear Litigants:

This matter comes before the Court on a motion by *pro se* prisoner Jerome Audige seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Audige contends that: (1) the conviction and sentence violate his Fifth Amendment rights because he was not allowed to call witnesses and was not given a jury of his peers; (2) the conviction and sentence violate his Sixth Amendment right to counsel because he received ineffective assistance of counsel; and (3) the sentence violates his Sixth Amendment right to a jury trial because the Court sentenced petitioner under the mandatory Federal Sentencing Guidelines in violation of the later issued *United States v. Booker*, 125 S. Ct. 738 (2005).  For the reasons set forth below, the motion to vacate, set aside, or correct Audige's sentence pursuant to 28 U.S.C. § 2255 is hereby **DISMISSED WITH PREJUDICE** and the relief requested therein is **DENIED**.

**BACKGROUND**

On May 7, 2003, Audige was indicted on four counts:

> Count 1: Bribery of Immigrantion and Naturalization Service
> ("INS") official Michael Bridgeforth on or about February 11,
> 2002, consisting of a cash payment of approximately $2,000, in
> violation of 18 U.S.C. §§ 201(b)(1) and 2.

> Count 2: Bribery of INS official Brenda Parmely on several
> occasions during the summer and fall of 2000, consisting of cash
> payments totaling approximately $3,500, in violation of 18 U.S.C.
> §§ 201(b)(1) and 2.

> Count 3: Aiding and abetting Jitendra Kumar Patel illegally and
> fraudulently procure immigration documents, in or about
> December 2000, in violation of 18 U.S.C. §§ 1546(a) and 2.

> Count 4: Aiding and abetting Varinder Singh illegally and
> fraudulently procure immigration documents, in or about
> November 2001, in violation of 18 U.S.C. §§ 1546(a) and 2.

(*See* Superseding Indictment).  Trial began on November 12, 2003.  On November 20, 2003, the
jury returned a verdict of guilty on Counts 1, 2, and 4, acquitting him on Count 3.  On May 5,
2004, Audige was sentenced to thirty-four months imprisonment and three years of supervised
release, and fined $15,000.  Audige did not file a direct appeal.

**ANALYSIS**

28 U.S.C. § 2255 provides that a prisoner in custody under a sentence from a federal
court may move the court which imposed the sentence to either vacate, set aside, or correct the
sentence.  *See* 28 U.S.C. § 2255.  Section 2255 does not, however, afford a remedy for all errors
that may have been made at trial or at sentencing.  *United States v. Addonizio*, 442 U.S. 178
(1979).  Errors warranting modification must raise "a fundamental defect which inherently
results in a complete miscarriage of justice."  *Id.* at 185 (quoting *Hill v. United States*, 368 U.S.
424, 428 (1962)).  A prisoner can challenge his or her sentence on the ground that: 1) the
sentence was imposed in violation of the Constitution or laws of the United States; 2) the court
was without jurisdiction to impose such sentence; 3) the sentence was in excess of the maximum
authorized by law; or 4) the sentence is "otherwise subject to collateral attack.  28 U.S.C. § 2255.

The government asserts that Audige has procedurally defaulted his present claims by not
raising them before this Court during trial or sentencing, or on direct appeal.  "Where a defendant
has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised

2

in habeas only if the defendant can first demonstrate either 'cause' and 'actual prejudice,' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted).  Under the cause and actual prejudice standard, "to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from errors of which he complains."  *United States v. Frady*, 456 U.S. 152, 167-68 (1982).  To establish "cause," "a defendant must show that 'some objective factor external to the defense impeded counsel's efforts' to raise the claim . . . ."  *McClesky v. Zant*, 499 U.S. 467, 493 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  "Examples of external impediments which have been found to constitute cause in the procedural default context include 'interference by officials,' 'a showing that the factual or legal basis for a claim was not reasonably available to counsel,' and 'ineffective assistance of counsel.'" *Wise v. Fulcomer*, 958 F.2d 30, 34 n.9 (3d Cir. 1992).  To establish "actual innocence," a defendant must show that, in view of all the evidence, "it is more likely than not that no reasonable juror would have convicted him."  *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)).  And, in this context, "'actual innocence' means factual innocence, not mere legal insufficiency."  *Id.*

Here, Audige alleges no cause for his failure to raise his claims before this Court.  Nor does he offer any reason for his failure to appeal his sentence on any of his claims.  Although one of the claims raised by Audige is ineffective assistance of counsel, that claim, as further discussed below, is wholly without merit because Audige has not alleged any facts in support thereof.  Therefore, that claim cannot establish cause.  Consequently, Audige fails to establish cause for his procedural default.  As such, the Court need not analyze whether Audige has shown actual prejudice.  *See United States v. Pelullo*, 399 F.3d 197, 223-34 (3d Cir. 2005).  Further, Audige has made no showing to establish his actual innocence.  In short, because Audige procedurally defaulted and has not satisfied the standard for review under *Bousley*, he is not entitled to relief under § 2255 and his motion must be dismissed.  Although the Court's analysis could end there, because Audige's claims are easily disposed of on the merits, the Court will address each of his three claims in turn.

## A.    Audige's Fair Trial Claims[1]

Audige alleges that his Fifth Amendment rights were violated because he was not allowed to call witnesses and was not given a jury of his peers.  Audige's claims, however, are without merit.

---

[1]Audige notes in his motion to vacate, correct, or set aside his sentence that he is awaiting the trial transcripts and he requests that the Court allow him to supplement his petition at a later date, presumably after he has received them.  That request is denied.  The trial transcripts have been available since November 2003.  It is now almost two years later and Audige has provided no reason for his extensive delay.  Accordingly, the Court finds that Audige has had more than adequate time to secure the transcripts and, consequently, finds no good cause to delay resolution of this matter or permit Audige to bring a "supplemental" petition.

Preliminarily, it should be noted that the right to call witnesses and the right to a jury of one's peers is established by the Sixth, not Fifth, Amendment. *See Washington v. Schriver,* 255 F.3d 45, 56 (2d Cir. 2001) ("The right to call witnesses in order to present a meaningful defense at a criminal trial is a fundamental constitutional right secured by both the Compulsory Process Clause of the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment.") (citing Supreme Court cases); *United States v. McElhiney*, 275 F.3d 928, 935 (10th Cir. 2001) (Pursuant to the Sixth Amendment, "[e]very defendant in a federal criminal case has the right to have his guilt found, if found at all, only by the unanimous verdict of a jury of his peers.") (quoting *United States v. Thomas*, 449 F.2d 1177, 1181 (D.C. Cir. 1971) (en banc)).  This, however, does not effect the Court's analysis of Audige's claims.

With regard to his claim that he was not allowed to call witnesses, Audige's claim is baseless.  Audige was permitted to call witnesses.  In fact, he called two witnesses: Marlene Audige, his wife, and former District Adjudications Officer Tonya Allen.  (*See* 11/18/03 Trial Tr. at 178:20-21; 11/19/03 Trial Tr. at 12:4-6 and 103:5).  Consequently, this claim must fail.

Audige's claim that he was denied a jury of his peers must also fail.  He has not described how the jury was not of his peers.  Moreover, the defense did not assert a challenge under *Batson v. Kentucky*, 476 U.S. 79 (1986).  In fact, Audige has alleged no facts supporting his claim that he was deprived of his constitutional right to a jury of his peers.  Thus, this claim must be dismissed.

In short, the Court concludes that Audige's fair trial claims are without merit and, therefore, must be dismissed.

## B.     Audige's Ineffective Assistance of Counsel Claim

Audige alleges that his Sixth Amendment right to counsel was violated.  He maintains that he received ineffective assistance of counsel.  But, beyond reciting that term of art, Audige fails to describe how his counsel's assistance was ineffective.  Because he alleges no facts to support such a claim, his claim is meritless.  *See Strickland v. Washington*, 466 U.S. 668, 687-89 (1984) (discussing the "highly deferential" standard for reviewing counsel's performance).

Further, the Court, having observed firsthand defense counsel's actions during trial, believes that counsel ably represented Audige, particularly in light of the evidence introduced against him.  For example, the evidence included an audiotape of Audige bribing Michael Bridgeforth, a cooperating witness, and a June 4, 2002 confession in which Audige admitted to bribing Bridgeforth and Brenda Parmely.

In short, Audige's ineffective assistance of counsel claim must be dismissed.

4

C.      **Audige's *Booker* Claim**

Audige contends that his sentence, imposed under the then-mandatory sentencing guidelines, violates his Sixth Amendment right to a jury trial as established in *United States v. Booker*, 125 S. Ct. 738 (2005). This Court disagrees.

The Supreme Court issued *Booker* on January 12, 2005. This landmark case excised those portions of the Federal Sentencing Guidelines that made them mandatory, rendering the remaining portions advisory. *Id.* at 764. The Supreme Court instructed that the district courts must consult the Guidelines, even though advisory, and impose sentences in line with the policies of the Guidelines. *See id.* at 764-65 (stating that judges should "impose sentences that reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and effectively provide the defendant with needed educational or vocational training and medical care"). The Supreme Court made clear that the *Booker* decision applied to all cases on "direct review." *Id.* at 769. The Court, however, left open the question whether *Booker* applied retroactively. Recently, the Third Circuit announced that it did not. *See Lloyd v. United States*, 407 F.3d 608, 615-16 (3d Cir. 2005) ("Because *Booker* announced a rule that is 'new' and 'procedural,' but not 'watershed,' *Booker* does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date *Booker* issued."). Consequently, *Booker* does not apply in a case where the judgment became final prior to January 12, 2005.

Here, the judgment of conviction was entered on the docket on May 4, 2004. Audige did not file a direct appeal. As a result, his judgment became final in May 2004, at least seven months before the *Booker* decision issued. *See* Fed. R. App. P. 4(b)(1)(A) and 26. Accordingly, Audige's *Booker* claim fails and, therefore, must be dismissed.

**CONCLUSION**

Based on the foregoing, Audige's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is hereby **DISMISSED WITH PREJUDICE** and the relief requested therein is **DENIED**.

An accompanying Order is attached.

                              s/ William J. Martini
                              **William J. Martini, U.S.D.J.**

5
